UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

GABE A. DOOIJES,

        Plaintiff,

    v.

K&B TRANSPORTATION, INC.,

        Defendant.

No. CV04-608-MO

OPINION AND ORDER

MOSMAN, J.,

    Plaintiff Gabe Dooijes worked as a long-haul truck driver for Defendant K&B Transportation, Inc. ("K&B") until he was terminated in January 2003. Plaintiff asserts a single claim of wrongful discharge under Oregon common law, alleging Defendant terminated him because he refused to work hours exceeding those permitted under federal motor carrier transportation regulations. Plaintiff's complaint seeks economic damages for lost wages and benefits and non-economic damages for "pain, humiliation, hurt, anger, and emotional distress." Before the court are Defendant's motion for summary judgment and Plaintiff's motion for leave to file an amended complaint asserting a claim for punitive damages.

    Defendant moves for summary judgment on the grounds that the tort of wrongful discharge is not available to plaintiff because adequate statutory remedies were available to him. The Oregon Supreme Court has recognized the common law tort of wrongful discharge as an

Page 1 - Opinion & Order

interstitial remedy that may be invoked only when no adequate statutory remedies are available. *Walsh v. Consolidated Freightways, Inc.*, 278 Ore. 347, 352, 563 P.2d 1205 (1977); *see also Rice v. Comtek Manufacturing Co.*, 767 F.Supp. 1544, 1546 (D. Or. 1990) ("Where statutes provide an adequate remedy, Oregon does not recognize an independent tort."). Defendant argues the Surface Transportation Assistance Act ("STAA"), 49 U.S.C. § 31105, provides adequate statutory remedies for the conduct about which plaintiff complains.[1] That statute makes it illegal to discharge an employee based on the employee's refusal to operate a vehicle in a manner that violates a federal commercial motor vehicle safety regulation. 49 U.S.C. § 31105(a)(1)(B)(i). The statute provides remedies including reinstatement, back pay and compensatory damages, including damages for emotional and mental distress. *See Dutkiewicz v. Clean Harbors Environmental Services, Inc.*, 95-STA-34, ARB Case No. 97-090, *aff'd by Clean Harbors Environmental Services, Inc. v. Herman*, 146 F.3d 12 (1st Cir. 1998); *see also Michaud v. BSP Transport, Inc.*, 95-STA-29 (ARM Oct. 9, 1997) ("the Secretary [of Labor] and the [Administrative Review] Board have consistently held that compensatory damages under the STA include damages for pain and suffering, mental anguish, embarrassment and humiliation."). In addition, a motor carrier entity that violates the maximum driving time federal regulations may be subject to civil penalties of up to $11,000 per violation. *See* 49 CFR 386 Appx. B(a)(3).

Plaintiff responds that the remedies provided for by the STAA are not adequate because

---

[1] Defendant also argues Plaintiff had an adequate remedy under the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 660. While OSHA provides remedies for employees terminated for reporting safety violations, plaintiff does not claim he reported a violation, or that he was fired for such conduct. Rather, plaintiff claims he was fired for refusing to drive his truck in violation of federal safety rules. Accordingly OSHA does not provide adequate remedies for plaintiff's claim.

Page 2 - Opinion & Order

the Act does not provide for punitive damages.[2] Plaintiff further argues that even if the STAA provides an adequate statutory remedy, the tort of wrongful discharge remains available under Oregon law in the absence of a clear legislative intent to abrogate common law rights.

Addressing the latter argument first, the Oregon Supreme Court has at times suggested that, under certain circumstances, a court considering whether adequate statutory remedies preempt a wrongful discharge claim must delve into the legislative history to determine whether the legislators who voted in favor of a statute intended it to preclude common law remedies. However, Oregon courts have not spoken with one voice regarding the circumstances under which such an inquiry is necessary, rendering the question of whether an employee can bring a wrongful termination claim "a gnarly one." *Farrington v. Pepsi-cola Bottling Co. of Bend*, 2004 WL 817356 (D. Or. 2004); *see also Draper v. Astoria School Dist. No. 1C*, 995 F.Supp. 1122 (D. Or. 1998) (noting the "conflicting statements" issued by Oregon courts regarding availability of the wrongful discharge tort and the resulting "considerable confusion"). The court need not brave that thicket in the instant action, however, because the Oregon Supreme Court's decision in *Walsh* clearly controls disposition of this case.

The plaintiff in *Walsh* alleged a claim for wrongful discharge on the grounds that he was terminated for complaining to his employer about the safety of working conditions. The court determined OSHA provided an adequate remedy to an employee discharged for reporting a safety violation. The court noted that OSHA requires the Department of Labor to investigate

---

[2] Plaintiff also argues the STAA does not provide adequate remedies because that statute vests the Secretary of Labor with discretion regarding whether to investigate a complaint made under the Act. Plaintiff is mistaken. As plaintiff's own brief notes, 49 U.S.C. § 31105(b)(2)(A) provides that "[n]ot later than 60 days after receiving a complaint, the Secretary *shall* conduct an investigation." (emphasis added)

Page 3 - Opinion & Order

such claims and empowers that agency to bring a federal action if it determines the employee was wrongfully discharged. *Walsh*, 278 Ore. at 352. The court also observed that OSHA provides for "all appropriate relief, including rehiring or reinstatement of the employee to his former position with back pay." *Id*. The court concluded the "existing remedies are adequate to protect both the interests of society in maintaining safe working conditions and the interests of employees who are discharged for complaining about safety and health problems." Accordingly, the court determined the tort of wrongful discharge was unavailable to the plaintiff.

Whatever conflicting pronouncements the Oregon Supreme Court has made since its decision in *Walsh* regarding the availability of the wrongful discharge tort in other situations, *Walsh* remains good law and is directly on point with the instant action. Like OSHA, the STAA requires the Department of Labor to investigate a claim that an employee was terminated for refusing to violate federal motor vehicle safety regulations. The statute also provides remedies including reinstatement, back pay and compensatory damages, including damages for emotional and mental distress. Violations of the act also carry civil penalties of up to $11,000 per violation.

Thus, even if plaintiff were permitted to amend his complaint to add a claim for punitive damages, the STAA provides adequate remedies to protect the public's interests as well as plaintiff's. In addition to providing for all of the damages plaintiff seeks to vindicate his own rights, the statute provides for civil penalties adequate to punish violators and deter future wrongful conduct. *See DeMendoza v. Huffman*, 334 Or. 425, 444, 51 P.3d 1232, 1242-43 (2002) (under Oregon law, "the doctrine of punitive damages [is] a means of punishment and deterrence . . . vindicating interests of society in general, and not of any plaintiff in particular.").

Accordingly, the tort of wrongful discharge – the sole claim asserted in this action – is not available to plaintiff. Because this remains true even if the court were to grant plaintiff's motion for leave to add a claim for punitive damages, defendant's motion for summary judgment (#34) is GRANTED and plaintiff's complaint is dismissed with prejudice. Plaintiff's motion for leave to amend (#38) is DENIED as both futile and moot.[3]

IT IS SO ORDERED.

DATED this  2nd   day of August, 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

---

[3] Plaintiff filed its motion for leave to amend its complaint to add a claim for punitive damages one day after defendant filed its motion for summary judgment. Plaintiff then sought to defeat defendant's motion by arguing that his claim was not preempted by the STAA because that Act does not provide for punitive damages. As such, it appears plaintiff sought to use its motion for leave to amend as "a vehicle to circumvent summary judgment," which is not a proper grounds for amendment. *Schlacter-Jones v. General Telephone of California*, 936 F.2d 465, 443 (9th Cir. 1991). Accordingly, the court denies plaintiff's motion for leave to amend on this basis as well.